IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFERSON T. BRAGA,<br>　　　Plaintiff,<br><br>v.<br><br>DEVON BANK,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>No. 3:25-CV-1389-E-BW<br><br><br>Referred to U.S. Magistrate Judge[1] |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Based on the relevant filings and applicable law, the Court should **DISMISS** this pro se action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

On June 3, 2025, Plaintiff Jefferson T. Braga, appearing pro se, filed a complaint and emergency motion for temporary restraining order seeking to preclude Defendant Devon Bank from proceeding with a foreclosure sale of property at 1327 Etain Road in Irving, Texas. (Dkt. Nos. 3, 4.) On June 5, 2025, United States District Judge Ada Brown denied Braga's motion for injunctive relief. (Dkt. No. 5.)

On June 27, 2025, the undersigned entered an order and notice of deficiency citing Braga's failure to pay the filing fee or make the showing necessary to proceed in this case in forma pauperis ("IFP"). (Dkt. No. 6.) The order instructed Braga to either pay the $405.00 filing and administrative fees or submit a fully completed and

---

[1] This case was automatically referred to the undersigned magistrate judge for case management by Special Order 3-251. (*See* Dkt. No. 1.)

signed Application to Proceed in District Court Without Preparing Fees or Costs (Long Form) within 14 days of the order. (*Id.* at 1.) Braga was provided a copy of the application with service of the order. (Dkt. No. 6-1.)

Braga's deadline to either pay the filing fees or submit a completed application to proceed IFP has passed, and he has done neither of these things. Braga has not filed anything in this action since initiating the case on June 3.

On June 26, 2025, Defendant Devon Bank removed a lawsuit brought by Braga in state court. *See Braga v. Devon Bank*, No. 3:25-CV-1648-E-BW. The allegations in that case concern foreclosure of the same property.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Braga's failure to pay the filing fees or submit a motion to proceed IFP as instructed by the Court prevents this case from proceeding. Moreover, because Braga's claims are presented to the Court in another action, additional time for Braga

to come into compliance by either paying the fees or filing a motion in this case is likely futile. The undersigned therefore recommends that this action be dismissed pursuant to Rule 41(b) and Braga's claims be litigated in the related case.

### III.  RECOMMENDATION

This action should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders.

**SO RECOMMENDED** on July 16, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).